UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER PHILLIPS | CIVIL ACTION |
| VERSUS | NO. 24-65 |
| NICHOLAS BOULET, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendants' unopposed motion to remand.[1] For the following reasons, the Court denies the motion without prejudice.

### I.  BACKGROUND

Plaintiff, Nicholas Boulet, filed suit in state court relating to a car accident allegedly involving himself and defendant Nicholas Boulet.[2] Plaintiff listed Nicholas Boulet, Tami Boulet, Farmers Insurance Exchange, and State Farm Mutual Automobile Insurance Company as defendants.[3] On January 8, 2024, Nicholas Boulet, Tami Boulet, and Farmers Insurance Exchange filed a petition for removal, asserting this Court had jurisdiction under 28 U.S.C. § 1332.[4]  In support of their assertion of diversity

---

[1]   R. Doc. 27.
[2]   R. Doc. 1-4 at 1.
[3]   *Id.*  State Farm has since been dismissed as a party.  R. Doc. 21.
[4]   R. Doc. 1.

jurisdiction, defendants stated that the domiciles of Nicholas Boulet, Tami Boulet, and Farmers Insurance Exchange are California, and that Plaintiff's domicile is Louisiana.[5] Defendants also asserted that the amount in controversy requirement was met.[6] On December 11, 2024, Farmers Insurance Exchange filed its Corporate Disclosure Statement, stating that it "is a foreign insurer and corporation, incorporated in 1928, domiciled . . . [in] California, and a citizen of the State of California with its principal place of business in the State of California."[7] On April 14, 2025, Defendants moved the Court to remand this action to state court.[8] Defendants now argue that the parties agreed to remand the case, but they provide no rationale for remand.[9]

## II. LAW AND DISCUSSION

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court

---

[5] Id. at ¶¶ 17-20.
[6] Id. at ¶¶ 8-16.
[7] R. Doc. 26.
[8] R. Doc. 27.
[9] The Court has learned through its Case Manager that defendants now believe that complete diversity does not exist. Defendants have put forth no evidence in support of this assertion and a review of the docket does not provide any basis for determining that complete diversity does not exist.

would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The Fifth Circuit has found that "an unincorporated association is considered to have the citizenship of its members." *Royal Ins. Co. of Am. v. Quinn-L Cap. Co.*, 3 F.3d 877, 882 (5th Cir.). And courts in the Fifth Circuit have held that insurance exchanges are unincorporated associations for the purposes of determining diversity jurisdiction. *See Qadeer v. Farmers Ins. Exchange*, 2010 WL 3743654 at *1 (S.D. Tex. Sep. 22, 2010).

But Farmers Insurance Exchange has stated in its court filings that it is a California corporation, not that it is an insurance exchange. Thus, nothing in the record calls into question the complete diversity of the parties. Further, defendants have put forth no rationale for their motion to remand aside from the parties' agreement to remand the case. In *Carnegie-Mellon University v. Cohill*, the United States Supreme Court held "a district court may not remand a case to a state court on a ground not specified in the removal statute." 484 U.S. 343, 355 (1988). An agreement between the parties to remand constitutes a ground not specified in the removal statute. Absent a recognized ground for remand, the Court must deny the motion.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to remand is DENIED WITHOUT PREJUDICE. The parties have until July 9, 2025, to resubmit this motion stating the grounds for remand.

New Orleans, Louisiana, this __25th__ day of June, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE