UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER PHILLIPS | CIVIL ACTION |
| VERSUS | NO. 24-65 |
| NICHOLAS BOULET, ET AL. | SECTION "R" (1) |

**ORDER AND REASONS**

Before the Court is defendants' unopposed motion to remand.[1] For the following reasons, the Court grants the motion.

**I.   BACKGROUND**

Plaintiff, Nicholas Boulet, filed suit in state court relating to a car accident allegedly involving himself and defendant Nicholas Boulet.[2] Plaintiff listed Nicholas Boulet, Tami Boulet, Farmers Insurance Exchange, and State Farm Mutual Automobile Insurance Company as defendants.[3] On January 8, 2024, Nicholas Boulet, Tami Boulet, and Farmers Insurance Exchange filed a petition for removal, asserting this Court had jurisdiction under 28 U.S.C. § 1332.[4]   In support of their assertion of diversity

---

[1]   R. Doc. 29.
[2]   R. Doc. 1-4 at 1.
[3]   *Id.*  State Farm has since been dismissed as a party.  R. Doc. 21.
[4]   R. Doc. 1.

jurisdiction, defendants stated that the domiciles of Nicholas Boulet, Tami Boulet, and Farmers Insurance Exchange are California, and that Plaintiff's domicile is Louisiana.[5] Defendants also asserted that the amount in controversy requirement was met.[6] On December 11, 2024, Farmers Insurance Exchange filed its Corporate Disclosure Statement, stating that it "is a foreign insurer and corporation, incorporated in 1928, domiciled . . . [in] California, and a citizen of the State of California with its principal place of business in the State of California."[7] On April 14, 2025, Defendants moved the Court to remand this action to state court, providing no rationale for remand.[8] This Court denied the motion without prejudice and instructed the parties to resubmit their motion stating the grounds for remand.[9] Defendants submitted a new motion for remand, arguing that complete diversity does not exist, without providing information as to when diversity ceased to exist.[10] The Court ordered[11] defendants to submit supplemental

---

[5]     Id. at ¶¶ 17-20.
[6]     Id. at ¶¶ 8-16.
[7]     R. Doc. 26.
[8]     R. Doc. 27.
[9]     R. Doc. 28.
[10]    R. Doc. 29.
[11]    R. Doc. 30.

information, which defendants did.[12] The Court now considers the motion and the supplemental information.

## II.   LAW AND DISCUSSION

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*,

---

12   R. Doc. 31.

437 U.S. 365, 373 (1978). "For cases removed from state court, jurisdiction must exist at the time of removal." *Moss v. Princip*, 913 F. 3d 508, 514 (5th Cir. 2017). The Fifth Circuit has found that "an unincorporated association is considered to have the citizenship of its members." *Royal Ins. Co. of Am. v. Quinn-L Cap. Co.*, 3 F.3d 877, 882 (5th Cir.). And courts in the Fifth Circuit have held that insurance exchanges are unincorporated associations for the purposes of determining diversity jurisdiction. *See Qadeer v. Farmers Ins. Exchange*, 2010 WL 3743654 at *1 (S.D. Tex. Sep. 22, 2010).

Defendants assert that Farmers Insurance Exchange is an entity owned by its policyholders with the citizenship of its policyholders.[13] Defendants further allege that Farmers had ceased writing policies in Louisiana on April 27, 2014, but returned to writing policies in Louisiana on March 8, 2021.[14] Because the case was removed on April 14, 2025, the Court finds that Farmers Insurance Exchange was a citizen of Louisiana for diversity purposes at the time of removal. As such, this Court lacks jurisdiction to hear this case. Accordingly, the Court grants the motion.

---

[13]   R. Doc. 29-1 at 2.
[14]   R. Doc. 31 at 2. Defendants allege that they were aware of the cessation but not the return to writing policies in Louisiana when they removed the case. Thus, according to defendants, they believed there was complete diversity at the time of removal.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants unopposed motion for remand.  This action is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, for further proceedings.

New Orleans, Louisiana, this __16th__ day of July, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE